IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TEKEVA D. SHAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 2:24-cv-02355-JPM-atc |
| | ) |
| TRUGREEN, et al., | ) |
| | ) |
| Defendants. | ) |

REPORT AND RECOMMENDATION FOR PARTIAL *SUA SPONTE* DISMISSAL AND ORDER TO ISSUE PROCESS FOR THE REMAINING DEFENDANT

On May 24, 2024, Plaintiff Tekeva Shaw filed a *pro se* Complaint alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") against Defendants TruGreen, Andrew Jones, Joseph Troncone, Rose Camamo, Jason Mitchum, Ernestina Kilcrease, Jennifer Castillo, and Jamie Giddens.  (ECF No. 1.)  Shaw also filed a motion to proceed *in forma pauperis*, which was subsequently granted.  (ECF Nos. 3, 8.)  Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

For the reasons discussed below, the Court RECOMMENDS that Shaw's claims against the individually named Defendants be dismissed *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.  The Court further ORDERS that process be issued to TruGreen.

# REPORT AND RECOMMENDATION

I. **PROPOSED FINDINGS OF FACT**

Shaw filed her Complaint on a Court-supplied form, alleging claims against Defendants for violations of Title VII.[1] (ECF No. 1.) She alleges that she was discriminated against on the basis of her race (African American), color (Brown/Black), sex (female), and religion (Christian/spiritual/Taoism/extrasensory perceptions) and that she suffered harassment, unequal terms and conditions of her employment, and retaliation while working for TruGreen. (*Id.* at 3–4.) Specifically, Shaw contends that she was treated differently than her coworkers and subjected to "neglect and harassment and discrimination" by various coworkers, including Andrew Jones—her team trainer and supervisor. (*Id.* at 4, 7, 13.)

Shaw contends that she attempted to report the alleged discrimination to TruGreen's internal ethics hotline on multiple occasions, to no avail. (*Id.* at 4, 10, 13.) She further contends that at least some of the alleged workplace discrimination took place in retaliation of her attempting to report previous discriminatory acts to TruGreen's ethics hotline. (*Id.*)

II. **PROPOSED CONLUSIONS OF LAW**

    A.    <u>28 U.S.C. § 1915(e)(2) Screening</u>

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis* at the Court's direction

---

[1] In addition to her Complaint, Shaw submitted a Right to Sue Letter from the Equal Employment Opportunity Commission ("EEOC"), an EEOC Inquiry Information document, and her Charge of Discrimination against TruGreen. (*Id.* at 8–13.) The Court takes judicial notice of these attachments to the Complaint. *See Harper v. Shelby Cnty. Gov't*, No. 2:15-cv-2502-STA-cgc, 2016 WL 737947, at *4 (W.D. Tenn. Feb. 23, 2016) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)) ("When a Court considers whether dismissal for failure to state a claim is appropriate, the Court may consider the complaint and attached exhibits, as well as any public records, so long as they are referred to in the complaint and are central to the claims contained therein.").

after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This Report and Recommendation constitutes the Court's screening.

B.     Standard of Review for Failure to State a Claim

To determine whether Shaw's Complaint states a claim for which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The Court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to

3

see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); s*ee also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (finding the less stringent standard applies to *pro se* complaints, "however inartfully pleaded"). Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, but it would also transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)). "A pro se complaint must still 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Shelby v. Greystar Mgmt. Servs., L.P.*, No. 2:17-cv-02650-SHM-cgc, 2018 WL 386647, at *2 (W.D. Tenn. Jan. 11, 2018) (quoting *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011)).

C.   Shaw's Title VII Claims Against the Individual Defendants

Shaw brings Title VII claims against Jones, Troncone, Camamo, Mitchum, Kilcrease, Castillo, and Giddens, all of whom were presumably Shaw's coworkers and supervisors at TruGreen.  However, these claims should be dismissed because "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII."  *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997); *see also Mitchell v. Fujitec Am., Inc.*, 518 F. Supp. 3d 1073, 1100 (S.D. Ohio 2021) (quoting *Little v. BP Expl. & Oil Co.*, 265 F.3d 357, 362 (6th Cir. 2001)) ("Title VII does not include individual liability, even for supervisors.  Indeed, '[t]he law in this Circuit is clear that a supervisor who does not otherwise qualify as an employer cannot be held personally or individually liable under Title VII.'").  As a result, the Court recommends that Shaw's Title VII claims against the individual Defendants be dismissed with prejudice.

D.   Shaw's Title VII Claims Against TruGreen

When construing the Complaint in a light most favorable to Shaw and accepting her allegations as true, the Court finds that she has satisfied the low threshold of alleging facially plausible Title VII claims against TruGreen for purposes of screening under 28 U.S.C. § 1915(e)(2)(B)(ii).  As such, issuance and service of process is ordered, as discussed below.

### III.   RECOMMENDATION

For the reasons set forth above, it is recommended that Shaw's claims against Jones, Troncone, Camamo, Mitchum, Kilcrease, Castillo, and Giddens for violations of Title VII be dismissed with prejudice.

**ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS**

Having found that Shaw has sufficiently stated claims for discrimination under Title VII against TruGreen for purposes of screening the Complaint, the Court finds that issuance of a

5

summons is appropriate. The Clerk is directed to issue process for TruGreen and deliver that process to the U.S. Marshal for service along with a copy of the Complaint and this Report and Recommendation/Order. Service shall be made on TruGreen pursuant to Federal Rule of Civil Procedure 4(h). All costs of service shall be advanced by the United States.

Shaw shall serve a copy of every document filed in this case on the attorneys for TruGreen. Shaw shall include a certificate of service with every document filed. She shall familiarize herself with the Federal Rules of Civil Procedure and this Court's Local Rules. Shaw shall promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

SO ORDERED this 19th day of November, 2024.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute forfeiture/waiver of objections, exceptions, and further appeal.