IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TEKEVA DESHUNA SHAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:24-cv-02355-TLP-atc |
| v. ) | |
| ) | |
| TRUGREEN LIMITED PARTNERSHIP, ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

In her Report and Recommendation ("R&R"), Magistrate Judge Annie T. Christoff recommended that this Court dismiss Plaintiff's case for failure to prosecute under Federal Rule of Civil Procedure 41(b). (ECF No. 30.) For the reasons below, this Court **ADOPTS** the R&R.

**BACKGROUND AND THE R&R**

In May 2024, pro se Plaintiff Tekeva Deshuna Shaw sued Defendant TruGreen Limited Partnership. (ECF No. 1.) Under Administrative Order No. 2013-05, the Court referred the case to Judge Christoff for management of all pretrial matters. The case was reassigned from Judge McCalla to Judge Parker on June 3, 2025. (ECF Nos. 22–23.)

Under the Scheduling Order, Plaintiff had until March 11, 2025, to make her initial disclosures under Federal Rule of Civil Procedure 26(a)(1). (ECF No. 17.) On June 5, 2025, Defendant moved to compel Initial Disclosures, in which it explained that Plaintiff had failed to provide the required disclosures despite multiple emails requesting that she do so. (ECF Nos. 25, 25-1.) After Plaintiff failed to respond to the First Motion to Compel, Judge Christoff gave her an extension until July 16, 2025, to respond. (ECF No. 26.) Judge Christoff included the

warning that "failure to timely respond to the Motion or this Order by July 16th may result in the Motion being granted." (*Id.*)

Plaintiff failed to respond to the Motion or the Order, and on July 31, 2025, Judge Christoff granted the First Motion to Compel and ordered Plaintiff to serve her initial disclosures by August 14, 2025. (ECF No. 28.) Judge Christoff warned Plaintiff that "[f]ailure to fully comply with this Order by August 14th will result in the dismissal of this case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and to comply with Court Orders." (*Id.*) Plaintiff has failed to comply with the July 31st Order or to respond to the First Motion to Compel. (ECF No. 30.) Defendant has filed a Second Motion to Compel seeking responses to its First Set of Interrogatories and Requests for Production of Documents, which were due on July 16, 2025. (ECF Nos. 29, 29-1, 29-2.) Judge Christoff entered her R&R on August 18, 2025, recommending that the Court dismiss Plaintiff's case for failure to prosecute under Federal Rule of Civil Procedure 41(b), that the Court should dismiss as moot the Second Motion to Compel. (ECF No. 30.) As a result she recommended that the Court suspend the deadlines for the completion of discovery and dispositive motions pending the Court's decision on the R&R. (*Id.*)

## **LEGAL STANDARD**

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters, including the involuntary dismissal of an action. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

If the parties do not object, the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Judge Christoff entered her R&R on August 18, 2025. Neither party objected, and the time to do so has now passed. The Court therefore reviews the R&R for clear error.

## **DISPOSITION**

Having reviewed the record, the Court finds no clear error in Judge Christoff's R&R. In fact, the Court agrees with her analysis. Rule 41(b) provides for involuntary dismissal of a complaint where the plaintiff has failed to prosecute or comply with a court order. And the Supreme Court has recognized a district court's inherent power to dismiss a case for failure to prosecute. *Marchand v. Smith & Nephew*, 2013 WL 6780559, at *2 (W.D. Tenn. Dec. 19, 2013) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48 (1991)). Rule 41(b) "allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

To determine whether dismissal under Rule 41(b) is appropriate, courts consider four non-dispositive factors: 1) if the party acted willfully or in bad faith; (2) if the adverse party will be prejudiced; 3) if the party was warned that failure to respond could lead to dismissal; and 4) if less drastic sanctions were considered. *See Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008)). All in all, dismissal under Rule 41(b) is appropriate when a party exhibits a "clear record of delay," stubborn disregard for the rules of court, and "is inexcusably unprepared to prosecute the case." *Shavers*, 516 F. App'x at 570. Further, because dismissal without prejudice is a more lenient sanction than dismissal with prejudice, the "controlling

3

standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)).

Judge Christoff applied these factors and recommended that the Court dismiss Plaintiff's case under Rule 41(b) without prejudice. (ECF No. 19 at PageID 71–74.) For the first factor, "[w]illfulness, bad faith, or fault is demonstrated when a plaintiff's conduct evidences either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Shavers*, 516 F. App'x at 570 (quoting *Schafer*, 529 F.3d at 737) (internal quotations omitted). Plaintiff first failed to serve her initial disclosures by March 11 and then failed to respond to Defendant's counsel's requests for service of her initial disclosures. (ECF No. 30.) Next, she failed to respond to Defendant's First Motion to Compel and disregarded the Court's Orders on June 25 and July 31. (*Id.*) Plaintiff also failed to serve responses to Defendant's discovery request or counsel's later requests, requiring Defendant's Second Motion to Compel. (*Id.*) Plaintiff's failure to prosecute has thus caused multiple delays and disruptions to this Court, to Defendant, and to Defendant's counsel. So the first factor favors dismissal. S*ee Metz v. Unizan Bank*, 655 F.3d 485, 489–90 (6th Cir. 2011) (holding that bad faith exists when a party delays or disrupts the litigation process).

For the second factor, "[a] defendant is prejudiced by the plaintiff's conduct where the defendant waste[s] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Wright v. City of Germantown, Tenn.*, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008))). As already described, Plaintiff's conduct prejudiced Defendant.

4

Plaintiff's failure to serve initial disclosures and respond to Defendant's Motions to Compel required an extension and an Order to Show Cause which delayed the litigation and imposed greater costs on Defendant.  *See Lacey v. Wells Fargo, N.A.*, 2014 WL 7338878, at *3 (W.D. Tenn. Dec. 22, 2014) (explaining how the defendants suffered prejudice during the show cause process).

The third factor— notice—focuses on whether dismissal is a fair result.  *Schafer*, 529 F.3d at 737 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)).  This factor supports dismissal here.  In Judge Christoff's Order Granting Defendant's Motion to Compel, she warned Plaintiff that failure to comply may result in dismissal without prejudice.  (ECF No. 28.)  So the Court adequately warned Plaintiff.

Finally, the fourth factor does not require a court to implement a lesser sanction before dismissing a case.  *Shavers*, 516 F. App'x at 571 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)).  In fact, if a party ignores court orders and still fails to prosecute his case, dismissal is appropriate.  *See Lee v. GlaxoSmithKline, LLC*, 2014 WL 691192, at *2 (W.D. Tenn. Feb. 21, 2014) (finding dismissal under Rule 41(b) appropriate when a plaintiff failed to comply with several Court orders, including a show cause order).  Judge Christoff extended Plaintiff's time to respond to the First Motion to Compel, issued an Order to Show Cause, and issued an Order Granting the Motion to Compel before recommending dismissal.  And Plaintiff still failed to respond, showing that she did not want to prosecute her case.  And Plaintff is proceeding *in forma pauperis*, a financial sanction would likely have no practical deterrent effect.  *Shavers*, 516 F. App'x at 571.  Given the many opportunities to respond to the Court, and given Plaintiff's indigency, the Court agrees with Judge Christoff that any other sanction would be inadequate.

Simply put, Plaintiff's conduct here shows little intention to prosecute this case, and it would be futile to give a lesser sanction. Plaintiff did not respond after receiving an extension, the Order to Show Cause, the Order Granting the Motion to Compel, and the Second Motion to Compel, despite the warning that the case would be dismissed. Over two months have passed since Judge Christoff entered the R&R, and Plaintiff has still failed to respond to the Order Granting the Motion to Compel, to respond to the Second Motion to Compel, or to object to the R&R in any way. Instead, Plaintiff has shown a continued disregard for this case.

## CONCLUSION

The Court has reviewed Judge Christoff's R&R and finds no clear error. And so, the Court **ADOPTS** the R&R and **DISMISSES** this case **WITHOUT PREJUDICE**.

**SO ORDERED**, this 27th day of October, 2025.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE